UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>-against-<br><br>FRIENDSHIP PLACE, et al.,<br><br>       Defendants. | 25-CV-4422 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who currently resides in Alexandria, Virginia, brings this *pro se* action asserting disability discrimination and retaliation claims under the Americans with Disabilities Act and due process claims under 42 U.S.C. § 1983. She also seeks emergency relief under the All Writs Act, 28 U.S.C. 1651. Named as Defendants are (1) Friendship Place, a nonprofit entity headquartered in Washington, D.C.; (2) Chris Pitocichelli, Lindsey Miller, Rebecca Cohen, Jonathan Whitted, and Jean-Michel Giraud, all employers, administrators, or executive leaders at Friendship Place; (3) Philadelphia Insurance Companies, a liability insurer for Friendship; and (4) Sahirah Hobes, a regional coordinator for the Department of Veterans' Affairs. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of Virginia.

**DISCUSSION**

  Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants denied her housing assistance. She does not plead the residence of the individual defendants, only asserting that the alleged events giving rise to her claims occurred in Alexandra, Virginia. Because the individual defendants appear to work in an Alexandria, Virginia office and the alleged events occurred in Alexandria, Virginia, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Alexandra, Virginia, which falls within the Eastern District of Virginia. *See* 28 U.S.C. § 127. Accordingly, venue lies in the Eastern District of Virginia, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of Virginia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of Virginia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court.

The Court leaves to the transferee court a ruling on Plaintiff's motion to proceed anonymously (ECF 4) and her motion for a preliminary injunction (ECF 5). The Court directs the Clerk of Court to terminate these motions.

3

    This order closes this case.

    The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 2, 2025
             New York, New York

                                                  /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge